UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

Plaintiff,

-against-

SHANICE DAVIS,

Defendant.

26-CV-179 (LLS)

ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction and diversity jurisdiction, alleging that Defendant is stalking her, harassing her, and defaming her.[1] The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction, and directs Plaintiff to show cause why she should not be barred from filing any new complaints IFP without prior leave of court.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

---

[1] Plaintiff filed the complaint in the Northern District of New York, and that court transferred the matter here. *Flores v. Davis*, No. 25-CV-01758 (N.D.N.Y. Dec. 31, 2025).

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff Valerie Flores, who provides a post office box in Albany, New York, as her mailing address, alleges that Defendant Shanice Davis, a Manhattan resident, is harassing and stalking her, "possibly" in a white Mazda SUV. (ECF 1 at 3.) According to Plaintiff, Defendant is a "mentally unstable individual who was walking around a dorm room completely naked & then was confrontational with staff & I. She threatened to beat me up when I went to staff about her violent & bizarre behavior. I did not feel safe being in the same room or place." (*Id.*) Plaintiff believes that Defendant "is making false statements [about Plaintiff] with intent of malicious reputational harm." (*Id.*) Plaintiff seeks a restraining order and $75,000 "to repair any reputational harm" Defendant has caused her. (*Id.*)

## DISCUSSION

### A. Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v.*

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**1. Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff invokes the Court's federal question jurisdiction, but the facts she alleges do not suggest any federal law claims or causes of action. Because Plaintiff has not brought any claim arising under federal law, the Court cannot exercise federal question jurisdiction of this matter.

**2. Diversity jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the

claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant reside in New York State, precluding complete diversity of citizenship.[3]

## LITIGATION HISTORY, DENIAL OF LEAVE TO AMEND, AND ORDER TO SHOW CAUSE

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Due to Plaintiff's history of vexatious litigation, detailed below, the Court declines to afford her the solicitude ordinarily shown to *pro se* litigants. She has previously filed 10 *pro se*

---

[3] As discussed in more detail below, Plaintiff has filed many *pro se* cases in this and other federal courts, and has previously identified herself as a New York resident. *See, e.g., Flores v. Carry-On Trailer*, No. 25-CV-1731, 2026 WL 1174108, at *3 (N.D.N.Y. Apr. 30, 2026) (noting that Plaintiff "alleges that she is a citizen of New York"); *Flores v. Citibank, N.A.*, No. 24-CV-3665 (LTS) (S.D.N.Y. Nov. 8, 2024) (dismissing complaint without prejudice, in part for lack of diversity).

cases in this court, all of which were either dismissed on the merits or for lack of subject matter jurisdiction, or transferred to other federal district courts because venue was not proper here. *See Flores v. Maggio's Towing*, No. 26-CV-3751 (LTS) (S.D.N.Y. June 1, 2026) (transferring complaint to District of New Jersey); *Flores v. Firehouse Ministries*, No. 26-CV-3146 (LTS) (S.D.N.Y. May 8, 2026) (transferring complaint to Northern District of Alabama); *Flores v. Discover Bank,* No. 24-CV-5331 (PAC) (S.D.N.Y. Sept. 10, 2025) (dismissing complaint for failure to state a claim on which relief may be granted and on immunity grounds), *dismissing appeal as frivolous*, No. 25-2588 (2d Cir. June 12, 2026); *Flores v. Citibank, N.A.*, No. 24-CV-3665 (LTS) (S.D.N.Y. Nov. 8, 2024) (dismissing complaint without prejudice for lack of subject matter jurisdiction, in part because both parties were residents of New York State), *dismissing appeal as frivolous*, No. 24-3304 (2d Cir. Aug. 11, 2025); *Flores v. Vang*, No. 24-CV-6676 (LTS) (S.D.N.Y. Sept. 12, 2024) (transferring complaint to Central District of California); *Flores v. PODS*, No. 24-CV-5706 (LTS) (S.D.N.Y. July 29, 2024) (transferring complaint to Western District of Wisconsin); *Flores v. Habitat for Humanity of Dane Cnty.*, No. 24-CV-5344 (LTS) (S.D.N.Y. July 23, 2024); (transferring complaint to Western District of Wisconsin); *Flores v. UW Credit Union*, No. 24-CV-5468 (LTS) (S.D.N.Y. July 19, 2024) (same); *Flores v. Vang*, No. 24-CV-4536 (LTS) (S.D.N.Y. June 14, 2024) (transferring complaint to Central District of California); *Flores v. Gonzalez* , No. 23-CV-4490 (LTS) (S.D.N.Y June 8, 2023) (transferring complaint to Western District of Wisconsin); *Flores v. American Family Insurance*, No. 23-CV-3683 (LTS) (S.D.N.Y May 2, 2023) (transferring complaint to Western District of Wisconsin).

Plaintiff recently filed three new complaints, which remain pending. *See Flores v. Tharp,* No. 26-CV-5479 (filed June 25, 2026); *Flores v. Father Bills & Yawkey Housing Org.*, No. 26-

CV-5482 (filed June 24, 2026); *Flores v. Honda Motor Co.*, No. 26-CV-05353, (filed June 22, 2026).

Plaintiff has not limited her vexatious filings to this court. Public Access to Court Electronic Records ("PACER") shows that three other federal district courts have imposed filing injunctions against Plaintiff.[4] *See In re: Valerie Flores*, No. 26-PF-1 (N.D.N.Y. Jan. 20, 2026) (N.D.N.Y. Feb. 4, 2026) (barring Plaintiff from filing any new civil actions IFP without prior leave after she filed 33 meritless complaints and failed to heed warnings to stop),[5] *appeal pending* (2d Cir.); *Flores v. Olson*, No. 24-CV-01010 (D.D.C. Aug. 1, 2024) (noting that Plaintiff had filed 38 actions in that court, 21 of which had been dismissed "largely for failure to state a claim and for failure to comply with the Court's directives," deeming Plaintiff a vexatious litigant, and barring her from filing any new actions without prepaying the filing fee); *Flores v. Progressive Ins.*, No. 23-CV-00398 (W.D. Wis. Apr. 19, 2024) (barring Plaintiff from bringing new lawsuits without first prepaying the filing fee, due to her "abus[ing] the judicial process with frivolous litigation").

This Court cannot tolerate the abuse of its limited resources. Accordingly, Plaintiff is ordered to show cause why she should not be barred from filing any new civil actions in this court IFP without first obtaining permission from the court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within 30 days of the date of

---

[4] *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (observing that courts may take judicial notice of public records).

[5] The Northern District of New York issued the injunction in part because, as she has done here, Plaintiff "repeatedly commenced actions in [that court] despite it not being the proper venue." *Flores*, 2026 WL 1174108, at *5.

this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further civil actions IFP in this court unless she first obtains permission from the court to do so. Should the Court issue a bar order, it will take effect as of the date of this order.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff shall have 30 days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future civil action IFP in this Court without prior permission. Should the Court issue a bar order, it will take effect as of the date of this order.

A declaration form is attached to this order.

The Clerk of Court is directed to terminate all pending motions.

SO ORDERED.

Dated: July 8, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the first and last name of each plaintiff or petitioner.

Case No. ______ CV ________________

-against-

________________________________________

________________________________________

________________________________________

________________________________________

Write the first and last name of each defendant or respondent.

# DECLARATION

____________________________________________________________________

____________________________________________________________________

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, ________________________________ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

____________________________________________________________________

____________________________________________________________________

____________________________________________________________________

____________________________________________________________________

____________________________________________________________________

Attach additional pages and documents if necessary.

Executed on (date)

Signature

Name

Prison Identification # (if incarcerated)

Address

City

State

Zip Code

Telephone Number (if available)

E-mail Address (if available)